## ONDERDONK v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. November 29, 1926.)

No. 4796.

1. **Conspiracy** ⬡=>43(5)—**Allegation of one overt act is sufficient.**

In an indictment for conspiracy, it is sufficient if one overt act be well pleaded.

2. **Criminal law** ⬡=>829(1)—**Refusal of requests not error, when covered by general charge.**

Refusal of special charges is not error, where sufficiently covered by general charge.

3. **Criminal law** ⬡=>834(2)—**Court is not required to give charges requested in hæc verba.**

Court is not required to give special charges requested in hæc verba, though pertinent rules of law may be correctly stated therein.

In Error to the District Court of the United States for the Southern District of Alabama; Robert T. Ervin, Judge.

Criminal prosecution by the United States against B. L. Onderdonk and others. Judgment of conviction, and defendant Onderdonk brings error. Affirmed.

J. H. Webb, of Mobile, Ala., for plaintiff in error.

Nicholas E. Stallworth, U. S. Atty., of Mobile, Ala. (David R. Coley, Jr., Asst. U. S. Atty., of Mobile, Ala., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error was convicted on an indictment charging

*Rehearing denied January 12, 1927.

him and 10 others with conspiring to unlawfully possess and sell intoxicating liquor in violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.). There are 35 assignments of error. The first 3 run to the overruling of a demurrer. The demurrer is very lengthy, consisting of 42 separate paragraphs, but in effect sets up that the indictment is vague and indefinite, is duplicitous, and does not charge an offense.

[1] As to the form of the indictment, which was returned on May 29, 1925, it is sufficient to say that it clearly and fully charges a continuing conspiracy to unlawfully possess and sell intoxicating liquor, existing from June 1, 1922, to May 25, 1925, in Washington county, Ala. Sixteen overt acts are alleged to have been committed on specific dates, by designated defendants, within the period of the conspiracy. Some of the overt acts charge the payment of money for the purpose of securing immunity from prosecution for dealing in intoxicating liquor. There may be some doubt as to whether these acts were in furtherance of the conspiracy charged, as they do not allege any official capacity in the persons to whom the payments were made. However, other overt acts alleged charge the payment of money for the purchase of whisky. It may be assumed that the purchase of liquor, even at this day, is one of the methods of securing it, and that it could be reasonably efficacious in furthering a conspiracy to possess it. It is sufficient if one overt act be well pleaded. It was not error to overrule the demurrer.

Assignments 4 to 22 and 24 to 27, inclusive, run to the admission of testimony of witnesses for the government. Assignment 23 is to the sustaining of an objection to testimony by the government. These assignments in the briefest manner set out the question and answer objected to, without giving any other part of the testimony of the witnesses. It has been difficult to locate the context of the testimony objected to, but we have examined the bill of exceptions in its entirety, in the light of the assignments, and conclude that most of these assignments are frivolous, and none is well taken.

[2, 3] Assignments 28 to 38 relate to the refusal of special charges requested. The court gave some 12 special charges asked by defendant. Some of the special charges refused are practically duplications of other special charges given, and in addition the court's general charge sufficiently covered the charges refused. No exception was taken to the charge as given, and it does not appear that objection was made or exception reserved to the

refusal of any of the special charges. The general charge of the court fairly covered the law applicable to the case. The court is not required to give special charges in hæc verba, although pertinent rules of law may be correctly stated therein.

We find no error in the record.

Affirmed.